UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WILLETT; et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | No. C 10-892 SI (pr)<br><br>**ORDER OF DISMISSAL** |

　　　　This pro se civil action was filed on March 2, 2010, at which time the court notified plaintiff in writing that the action was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved in forma pauperis application. Plaintiff was advised that failure to pay the fee or file the application materials within thirty days would result in dismissal of the action. Plaintiff did not pay the filing fee or file a completed in forma pauperis application, and the deadline by which to do so has passed. The application he did submit was not signed, and did not have the required certificate of funds or inmate trust account statement for the last six months. Although he eventually filed an inmate trust account statement (as one of the several documents attached to his "motion to produce evidence of SVSP head prison officils (sic) failure"), he never signed his application and never submitted the required certificate of funds. The incomplete in forma pauperis application is DENIED. (Docket # 3.) The action is DISMISSED without prejudice for failure to pay the filing fee or submit a completed in forma pauperis application.

1    This action is DISMISSED for the additional reason that it was filed in the wrong venue. His complaint is far from clear, but it appears that plaintiff wants to compel DNA testing or to complain about the state court's resolution of his request to have DNA testing done on evidence from his 1979 conviction in San Joaquin County. The listed defendants are the District Attorney and Chief Deputy District Attorney of San Joaquin County. The events and omissions that give rise to the claims occurred, and the defendants apparently reside in, San Joaquin County, which is within the venue of the Eastern District of California. No defendant is alleged to reside in, and none of the events or omissions giving rise to the complaint occurred in, the Northern District. Venue therefore would be proper in the Eastern District but not in this one. See 28 U.S.C. § 1391(b). Claims pertaining to DNA testing and to the conviction must be filed (if at all) in the U.S. District Court for the Eastern District of California because San Joaquin County is located within the venue of that district. When a case is filed in the wrong district, the court shall dismiss the case or, if it is in the interest of justice, transfer the case to the proper district. 28 U.S.C. § 1406(a). In light of the problem with the in forma pauperis application, the interests of justice would not be served by transferring this action to the proper district.

In light of the dismissal of this action, plaintiff's "motion to produce evidence of SVSP head prison officils (sic) failure" and "motion to opposition to 1:08-CV-00242-OWW SMS (PR) finding and recommendation" are DISMISSED as moot. (Docket # 4, # 5.)

This action is DISMISSED without prejudice to plaintiff filing a new action in the proper venue and for which he submits a completed in forma pauperis application or pays the filing fee when he files his petition or complaint. The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 17, 2010

                                                                                    _____
                                                                                        SUSAN ILLSTON
                                                                          United States District Judge

**United States District Court**
**For the Northern District of California**